CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 28 2005
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANSON D. LOONEY,<br>    Petitioner, | Civil Action No. 7:05-cv-00290 |
| v. | **MEMORANDUM OPINION** |
| LARRY JARVIS,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Anson D. Looney, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Looney challenges the validity of his confinement pursuant to his 2003 conviction in the Circuit Court for Tazewell County for possession of a firearm as a convicted felon. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition.[1] Petitioner has also filed two motions to amend his response, and these motions will be granted. Upon review of the record, this court finds that the respondent's motion to dismiss must be granted, as Looney's petition was untimely filed. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

Looney pled "no contest" on March 25, 2003, in the Circuit Court for Tazewell County to one charge of possession of a firearm as a convicted felon. The court found him guilty and sentenced him to five years imprisonment on this conviction. He did not appeal. On July 30, 2004, Looney filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the same claims that he now presents in his federal habeas petition. By order dated January 25, 2005, the Supreme Court of Virginia dismissed the petition and on March 15, 2005, denied Looney's motion for rehearing. Looney executed his § 2254 petition on May 5, 2005.

---

[1] Looney filed a motion to dismiss the respondent's motion as untimely filed. The record reflects, however, that the respondent received service on May 26, 2005, and filed the motion to dismiss on Monday, June 27, 2005. As June 27, 2005, was the first non-weekend day after the thirty-day filing period expired, the motion was not late. See F. R. Civ. P. 6(a).

1

II.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the AEDPA in 1996, the limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). A criminal defendant in Virginia has only thirty days from the date of his conviction in which to file an appeal. See Virginia Code §8.01-675.3. The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief and unfamiliarity with the legal process do not support granting such extraordinary relief. Harris, 209 F.3d at 330. Actual innocence may justify equitable tolling, if an inmate

2

offers a colorable claim that considering new evidence, taken together with all the evidence available at trial, no reasonable juror would find him guilty. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (citing Schup v. Delo, 513 U.S. 298, 324-29 (1996)).

III.

Looney clearly did not file his § 2254 petition on time under § 2244(d)(1)(A). His conviction became final when his thirty-day opportunity to appeal expired, on or about April 24, 2003. His statutory limitation period began to run on that date and expired one year later, on April 23, 2004. As Looney filed his § 2254 petition on May 5, 2005, at the earliest, his petition is untimely under § 2244(d)(1)(A).

Looney's state habeas petition did not toll the running of the federal clock, because he filed it on July 30, 2005, after the federal limitations period had already expired. Looney also fails to demonstrate that his limitation period should be calculated under Subsections C and D of Section §2244(d)(1). None of his claims rely upon a constitutional right newly recognized by the United States Supreme Court, and he clearly knew the facts necessary to support his claims at the time of the criminal proceedings.

Looney apparently invokes § 2244(d)(1)(B), asserting that prison officials impeded his ability to file a federal habeas by housing him in prison facilities where he had little or no access to legal materials. He also submits this fact as grounds for equitable tolling. Specifically, Looney states that while he was housed at the Tazewell County Jail, he had no access to a law library, and while housed at Powhatan Correctional Center, he could only request copies of five cases per week, with no ability to research code sections such as the AEDPA. Not until officials transferred him to Bland Correctional Center (BCC) on December 6, 2003, did Looney have access to a prison law library. Looney also complains that the institutional attorney did not give him accurate information regarding federal habeas petitions and asserts that this ineffective assistance should serve as grounds for his untimely filed petition to be considered.

There is no constitutional right to the effective assistance of an attorney in state post

3

conviction proceedings. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003). Thus, petitioner cannot claim that ineffective assistance by habeas counsel rose to constitutional proportions. Inadequate access to legal materials in jail can constitute a state-created impediment to filing a federal petition. Egerton v. Cockrell, 334 F.3d 433, 439 (5th Cir. 2003). To the extent that lack of access to legal materials may have impeded Looney's ability to research habeas claims, however, that impediment was lifted, by his own admission, several months before his filing period under § 2244(d)(1)(A) expired. He had access to the BCC law library starting on December 6, 2003, and his one-year filing period did not expire until April 23, 2004. During this five-month period, he did not even attempt to file a state habeas petition, which would have tolled the federal filing period. § 2244(d)(2). These facts simply do not show sufficient diligence on Looney's part to warrant equitable tolling or calculation of the filing period under § 2244(d)(1)(B).

Finally, Looney claims that his assertion of actual innocence justifies the invocation of equitable tolling. As evidence of his actual innocence, he offers his own testimony that he at no time possessed a firearm. The state's evidence against him included a pawn receipt for a gun, signed by Looney, and a statement signed by him. In the face of such evidence, this court cannot find a sufficiently colorable claim of actual innocence to justify equitable tolling of the federal filing period.

Looney also argues that because he was a juvenile at the time he committed the underlying felonies, he could not be convicted of possession of a firearm as a convicted felon and so is actually innocent of this offense. The statute section Looney cites for this proposition, Virginia Code § 16.1-179, has been repealed. Moreover, that section referred only to offenses tried in the juvenile and domestic relations court, under the provisions of juvenile law, and not to criminal proceedings conducted in the circuit court. Dodson v. Commonwealth, 476 S.E.2d 512, 517 (Va. 1996). It is well established that if a juvenile was tried and convicted of a felony as an adult, that conviction qualifies as an underlying felony for purposes of prosecution for

4

possession of a firearm by a convicted felon. See Id. at 517. The records Looney submits from his underlying criminal offenses indicate that he was tried in circuit court, and he offers no evidence demonstrating that he was tried and convicted under juvenile law. Thus, the court cannot find that he has set forth any colorable claim of actual innocence so as to warrant equitable tolling.

Finding no ground upon which to consider Looney's petition as timely filed,[2] the court will grant the motion to dismiss. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 28th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[2] In any event, the court also concludes that Looney's claims under § 2255 are either procedurally barred or without merit, for the reasons stated in the respondent's brief.

5

Case 7:05-cv-00290-JCT-mfu   Document 24   Filed 10/28/05   Page 5 of 5   Pageid#: 150